19-3244-cr
United States v. Guobadia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-one.

PRESENT: ROBERT D. SACK,
           RAYMOND J. LOHIER, JR.,
           RICHARD J. SULLIVAN,
           *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee,*

      v.                                19-3244-cr

EMMANUEL GUOBADIA,

        *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:                    JEREMY GUTMAN, ESQ.,
                                            New York, NY

FOR APPELLEE:                               TIFFANY H. LEE,
                                            Assistant United States
                                            Attorney, *for* James P.
                                            Kennedy, Jr., United
                                            States Attorney for the
                                            Western District of New
                                            York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western

District of New York (Elizabeth A. Wolford, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment is AFFIRMED.

Emmanuel Guobadia appeals from a judgment of conviction entered by

the District Court (Wolford, J.) after a jury found him guilty of four counts of

wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and four counts of aggravated

identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.   Guobadia was

sentenced principally to a term of 120 months' imprisonment.   On appeal,

Guobadia challenges the District Court's denial of his motion to suppress

evidence found pursuant to two search warrants—a warrant to search his motel

room and a warrant to search electronic data stored on devices seized during the

first search.   We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a motion to suppress for "clear error as to the district court's findings of historical facts, but <u>de</u> <u>novo</u> as to ultimate legal conclusions, such as the existence of probable cause."   <u>United States v. Thomas</u>, 788 F.3d 345, 349 (2d Cir. 2015).   "[W]e accord considerable deference to the probable cause determination of the issuing magistrate."   <u>Id.</u> at 350 (quotation marks omitted). And we interpret a search warrant affidavit in a "commonsense" rather than in a "hypertechnical" manner.   <u>United States v. Canfield</u>, 212 F.3d 713, 719 (2d Cir. 2000).

The search warrant for the motel room relied on the statements of an informant.   Guobadia first argues that there was no probable cause to search his motel room because the warrant affidavit did not have enough information for the issuing magistrate to determine the informant's veracity or reliability, or the basis for the informant's claim that Guobadia was engaged in criminal activity. He also argues that the informant's account was uncorroborated.   We disagree.

As the District Court concluded, the affidavit contained the "first-hand information of an identified source who personally interacted with" Guobadia. App'x at 78. A known, "face-to-face" informant is considered more reliable because he "runs the greater risk that he may be held accountable if his information proves false," United States v. Salazar, 945 F.2d 47, 50–51 (2d Cir. 1991), and the affidavit here identified the informant by name and reflected that the informant went in person to the police. Moreover, the informant told the police that he had seen computers and other equipment to make fraudulent credit cards in Guobadia's initial motel room, that he had personally helped Guobadia transport that equipment to the motel room, and advised law enforcement that Guobadia had moved to a new motel room. That new motel room, which the informant identified by its particular room number, proved to be registered to Guobadia. There was thus enough information and corroboration in the affidavit for the magistrate issuing the warrant to credit the informant's account. See Canfield, 212 F.3d at 720.

Guobadia also challenges the warrant for the motel room by arguing that it lacked particularity. But the warrant, which specifically lists "computers and

4

computer equipment (card scanners and embossers, printers)" among the items to be seized, App'x at 38, can hardly be said to lack particularity. Instead, Guobadia appears to contest the sufficiency of the supporting affidavit. But "[t]he Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents." Groh v. Ramirez, 540 U.S. 551, 557 (2004). And to the extent that Guobadia's particularity argument is a reprise of his probable cause argument, we reject it for the reasons outlined in the previous paragraph.

Finally, Guobadia contends that the police exceeded the scope of the initial warrant by conducting a search of the data on one of his computers at the motel, thereby tainting the second warrant. Again, we disagree. After searching Guobadia's motel room, police obtained a subsequent warrant for relevant data on all seized electronic devices. The affidavit for that warrant stated that "[t]he computer seized during the search [of the motel room] was powered on and did have an open document on screen upon seizure." App'x at 50–51. From this statement, Guobadia infers that law enforcement officers must have "powered on" the computer before they observed the document on the screen. But the more plausible reading of the affidavit is that the device was already "powered

5

on" and that the document on the screen was in plain view when the officers executed the search of the motel room. Guobadia has offered no evidence to suggest otherwise, notwithstanding the fact that the District Court conducted a hearing concerning the searches before trial. Having not developed the record on this point, Guobadia has not satisfied his burden of showing that law enforcement officers engaged in an illegal search of the computer at the motel. See United States v. Peeples, 962 F.3d 677, 692–93 (2d Cir. 2020), cert. denied, 141 S. Ct. 1279 (2021). And since the motel room search was lawful, there is no basis for concluding that the electronic data warrant was tainted or otherwise lacking in probable cause.

We have considered Guobadia's remaining arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court